UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY JOAN KILGORE,<br><br>            Plaintiff(s),<br><br>      v.<br><br>TULARE COUNTY, et al.,<br><br>            Defendant. | 1: 10 CV 00031 LJO  DLB<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>      Initial Disclosures:<br>            November 22, 2010<br>      Non Expert: November 8, 2011<br>      Expert: January 9, 2011<br><br>Non-Dispositive Motion Deadlines:<br>      Filing: March 26, 2012<br>      Hearing: April 20, 2012<br><br>Dispositive Motion Deadlines:<br>      Filing: March 26, 2012<br>      Hearing: May 9, 2012<br><br>Pre-Trial Conference:<br>      June 26, 2012 at 8:30 a.m.<br>      Courtroom 4<br><br>Trial:  August 6, 2012 at 8:30 a.m.<br>      Courtroom 4   JT 5 to 7 days |

**I.     Date of Scheduling Conference**

October 21, 2010.

**II.    Appearances of Counsel**

Nancy Joan Kilgore, appeared *pro se*.

Deborah A. Byron appeared on behalf of Defendant.

1

### III. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before November 22, 2010.

The parties are ordered to complete all discovery pertaining to non-experts on or before November 8, 2011 and all discovery pertaining to experts on or before January 9, 2011.

The parties are directed to disclose all expert witnesses, in writing, on or before October 8, 2011, and to disclose all supplemental experts on or before October 22, 2010.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.**  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

### IV. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than March 26, 2012 and heard on or before April 20, 2012.  Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an

2

order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than March 26, 2012 and heard no later than May 9, 2012, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.  In scheduling such motions, counsel shall comply with **Fed.R.Civ.P 56 and Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6)  to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  **In addition to the requirements of Local Rule 260 the moving party shall file a joint statement of undisputed facts**.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and

confer.

V.     **Pre-Trial Conference Date**

June 26, 2012 at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge O'Neill's chambers by email at LJOOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

VI.    **Trial Date**

August 6, 2012 at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

A.    This is a jury trial.

B.    Counsels' Estimate of Trial Time: 5 to 7 days.

C.    Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

VII.   **Settlement Conference**

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

4

arrange for one before another judicial officer.

### VIII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not applicable at this time.

### IX. Related Matters Pending

There are no pending related matters.

### X. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XI. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   October 22, 2010                              /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE