1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11
NANCY JOAN KILGORE,                          CASE NO. CV F 10-0031 LJO BAM
12
                        Plaintiff,            **RECONSIDERATION ORDER**
13          vs.
14   TULARE COUNTY,
15                      Defendant.
16   _____/

17          Pro se plaintiff Nancy Joan Kilgore ("Ms. Kilgore") seeks reconsideration of summary judgment

18   in favor of defendant Tulare County in the absence of facts to support her claims under the Americans

19   with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.  This Court's February 14, 2012 decision

20   ("decision") concluded, among other things, that Ms. Kilgore is permanently unable to work with or

21   without reasonable accommodation and thus is not a qualified individual with a disability entitled to

22   ADA protection.

23          Ms. Kilgore seeks reconsideration based on the failure of Court staff to accommodate her.  Ms.

24   Kilgore notes her "communication disabilities, which include visual, learning, mental, physical

25   disabilities that make her unable to understand FRCP [Federal Rules of Civil Procedure], to collect all

26   of her thoughts, and write them in any chronological manner without assistance."  Ms. Kilgore further

27   takes issue with the decision.

28          A basic principle of federal practice is that courts generally refuse to reopen decided matters.

1    *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996).  Reconsideration is an

2    "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

3    resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should

4    not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

5    Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989).  A reconsideration motion "is not a

6    vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

7    merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136,

8    144 (2nd Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the

9    Court's decision, and recapitulation of the cases and arguments considered by the court before rendering

10   its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,*

11   134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a party must set

12   forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." 

13   *Westlands Water*, 134 F.Supp.2d at 1131.

14         Either the moving or opposing party may seek reconsideration of summary judgment.  *Taylor*

15   *v. Knapp*, 871 F.2d 803, 805 (9th Cir.)*, cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). 

16   Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2)

17   has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an

18   intervening change in controlling law.  *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d

19   1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994).  There may be other

20   highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.  Denial of

21   reconsideration is reviewed for abuse of discretion.  *School District 1J*, 5 F.3d at 1262.

22         A motion for reconsideration of a summary judgment ruling is restricted:

23              Motions for reconsideration serve a limited function: to correct manifest errors
             of law or fact or to present newly discovered evidence.  *Such motions cannot in any case*
24   *be employed as a vehicle to introduce new evidence that could have been adduced during*
             *pendency of the summary judgment motion. . . . Nor should a motion for reconsideration*
25           *serve as the occasion to tender new legal theories for the first time.*

26   *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting

27   *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736

28   F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d

2

1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).  Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Ms. Kilgore presents no extraordinary or unusual circumstances to support reconsideration.  Ms. Kilgore confuses Court facility accommodation with impermissible Court staff assistance to pursue this action.  This Court is required to treat all parties fairly and has done so here.  This Court's staff is unable to extend  make specific arrangements solely to benefit Ms. Kilgore and disadvantage Tulare County, including extensions without good cause.

In addition, Ms. Kilgore fails to demonstrate grounds for reconsideration based on newly discovered evidence, clear error, manifest injustice or change in controlling law.  Ms. Kilgore's disputes with the decision and its grounds are insufficient.  This Court reiterates that it reviewed, considered and applied the evidence it deemed admissible, material and appropriate for summary judgment, including Ms. Kilgore's evidence.  Consideration of further evidence would serve only to violate the principle to disfavor and reopen decided matters.

In the absence of supporting grounds, this Court DENIES Ms. Kilgore reconsideration.

IT IS SO ORDERED.

**Dated:   March 1, 2012**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

3